615 A.2d 294

JOHN EBERT AND FRANCIS EBERT, PLAINTIFFS, v. SOUTH JERSEY GAS COMPANY, DEFENDANTS.

Superior Court of New Jersey
Law Division (Civil),
Cape May County

Decided September 4, 1992.

*Renee E. Scrocca* for plaintiff (*Powell, DeAngelis & Powell* attorneys).

*James P. Savio* for defendant (*Savio, Reynolds & Drake* attorneys).

VISALLI, J.S.C.

This is a motion for summary judgment brought by defendant, South Jersey Gas Company. As such, the facts plaintiff

asserts will be taken as true since plaintiff is opposing defendant's motions.

## I

Prior to March 7, 1990, plaintiffs, John and Frances Ebert, entered into a contract with defendant, South Jersey Gas Company, for the installation, maintenance or repair of gas lines, piping and service into their home in Ocean City, New Jersey. Thereafter, plaintiffs paid monthly consideration to defendant for gas service.

On March 7, 1990 an explosion occurred at plaintiffs' home. Plaintiffs contend that this explosion was due to the negligent failure of defendant, South Jersey Gas Company, to adequately install, inspect, maintain, and/or repair the gas lines and piping in the vicinity of their home. Plaintiffs also allege breach of contract due to defendant's failure to properly install, maintain, inspect, service and repair the gas lines, piping and service to plaintiff's home.

Plaintiffs were compensated by their insurance company for damage to their property and bring this action on behalf of the insurance company.

Defendant brings this motion on the grounds that because this is a subrogation claim it is barred by public policy.

## II

The issue in this case is whether the Supreme Court decision in *Weinberg v. Dinger*, 106 *N.J.* 469, 524 *A.*2d 366 (1987) applies to all public utilities or is limited to water companies only.

The *Weinberg* case was a subrogation claim. The Supreme Court held that a private water company was not immune from liability for its negligence in failing to provide sufficient water pressure to fire hydrants, except with respect to subrogation claims asserted by fire insurance companies, basing its decision on public policy.

Prior to *Weinberg* the law in New Jersey was that absent an express contractual or statutory provision, a private water company was not liable for negligently failing "to provide a sufficient supply of water at sufficient pressure to fire hydrants to extinguish a fire which is destroying an individual's property." *Reimann v. Monmouth Consol. Water Co.*, 9 *N.J.* 134, 87 *A.*2d 325 (1952).

The holding in *Weinberg* was limited to the category of negligent conduct alleged in the complaint of *Weinberg*, such as "failing to replace outmoded and inadequate fire hydrants, fire mains, water lines and other appurtenant equipment." *Weinberg* at note 6, 106 *N.J.* at 493, 524 *A.*2d 366.

By so limiting its holding the Supreme Court has distinguished *Weinberg* from *Reimann* and that line of cases. As stated previously, the cause of action in *Reimann* was "negligently failing to provide a sufficient supply of water at sufficient pressure to fire hydrants to extinguish a fire which is destroying an individual's property." It was not negligently failing to adequately, properly and safely inspect, maintain and repair the water system.

In *Weinberg* the plaintiff and the city had an agreement which incorporated by reference the regulatory requirement that the water company "maintain sufficient pressure and volume of water at all fire hydrants to assure adequate streams for the fighting of fires," *N.J.A.C.* 14:9–2.2. While this could serve as an independent basis for the water company's liability, the Court in *Weinberg* chose to rely on settled principles of tort law.

The *Weinberg* court abrogated the water company's immunity for losses caused by the negligent failure to maintain adequate water pressure for fire fighting only to the extent of claims that are uninsured or underinsured. To the extent that such claims are insured and assigned, the carrier's subrogation claims are unenforceable against the water company. *Weinberg* at 493, 524 *A.*2d 366.

■ A water company that undertakes to supply water within a designated and protected market can fairly be charged with a duty to all its customers to use reasonable care to assure that its delivery system is in working order to fulfill its capabilities to furnish an adequate supply of water for all purposes, including fire fighting. *Weinberg* at 494, 524 *A*.2d 366.

The Court reasoned that the imposition on the water company of liability for subrogation claims caused by the company's negligent failure to maintain adequate water pressure would inevitably result in higher water rates paid by the class of consumers that paid for the fire insurance. The result of imposing subrogation claims liability on water companies in such cases would be to shift the risk from the fire insurance company to the water company and, ultimately to the consumer in the form of higher water rates. *Weinberg* at 492, 524 *A*.2d 366.

Thus, the Court went on, the consumer would pay twice—first for property insurance premiums, and second in the form of higher water rates to fund the cost of the water company's liability insurance.

The *Weinberg* court found this to be contrary to public policy.

■ While it may seem that the reasoning in *Weinberg* fits squarely with the reasoning asserted by defendant, South Jersey Gas Company one thing here is distinguishable so as to make *Weinberg* inapplicable. In the *Weinberg* case and all other water company cases, the water companies were being sued for their failure to supply adequate water to prevent or limit the damage caused by the fire. In the case presently before the court, the defendant did not fail to contain or stop the fire, it was defendant's negligent actions that *caused* the fire.

To put it another way, in *Weinberg,* the defendant water company's negligent actions did not start the fire, the fire was started by some outside source. The water company merely failed to supply enough water to curtail the destruction. In

*Ebert,* nothing other than defendant's own negligence caused the fire.

Accordingly, this court finds that the above distinction warrants excluding this action from the holding in *Weinberg.* None of the worries that plagued the *Weinberg* court are present here. For instance, as mentioned above, the *Weinberg* court was concerned that the imposition of subrogation claim liability or water companies would shift the risk from the fire insurance company to the water company. While that was certainly a concern in *Weinberg,* it is not a concern here. Defendant was the primary tortfeasor and as such should be liable for its conduct regardless of whether it is a public utility.

This court is of the opinion that the reasoning in *Bongo v. N.J. Bell Telephone,* 250 *N.J.Super.* 524, 595 *A.*2d 557 (Law Division 1991) is more on point. In *Bongo* the Plaintiff was injured in an accident with a N.J. Bell Company vehicle. N.J. Bell claimed immunity for a public utility under *Weinberg.* Judge Marmo held that the *Weinberg* immunity did not immunize the telephone utility from motor vehicle subrogation claims. The judge reasoned that shielding N.J. Bell from civil liability for property damage, personal injury and even loss of human life caused by its negligent operation of its motor vehicles, in what obviously would involve such broad application, is "unthinkable." *Bongo* at 533, 595 *A.*2d 557.

In the same vein, what public policy is served when we allow a negligent provider of services and product to pass the costs of its own negligence on to an insurance carrier? Defendant, South Jersey Gas Company, is subject to a duty to properly install and thereafter inspect and maintain its system. That duty is an important one in that the product, natural gas, has dangerous propensities if allowed to get out of control. South Jersey Gas although a public utility must be accountable for its negligence and cannot be allowed to pass on such costs to a fire insurance carrier. Liability gives an incentive to South Jersey

Gas to render its services and product with a reasonable degree of care.

Just as the telephone company in *Bongo* could not pass its liability for negligent operation of a motor vehicle on to plaintiff Bongo's insurance company, neither can the gas company pass it's liability for negligence on to the plaintiff Ebert's insurance company.

Defendant's motion for summary judgment is denied.